IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JESSE C. MORRIS** | § | |
| | § | |
| **V.** | § | **A-10-CA-486-LY** |
| | § | |
| **TIMOTHY GEITHNER,** | § | |
| Secretary of the Treasury, et al. | § | |

**ORDER**

Before the Court are Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1) and Plaintiff's Request for Appointment of Counsel (Clerk's Docket No.2), both filed on April 7, 2010. The District Court referred the above to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Application to Proceed *In Forma Pauperis***

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status and ORDERS his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). The Court FURTHER ORDERS the Clerk to issue summons in this case and ORDERS the United States Marshal's Service to attempt service in this case without pre-payment of a service fee.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ." After reviewing Plaintiff's Complaint, the Court has determined that it

should not be dismissed as frivolous at this juncture. However, the Court cautions Plaintiff that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious. 28 U.S.C. § 1915(e). The plaintiff is further advised that, although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against him at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Request for Appointment of Counsel

Plaintiff also seeks appointment of counsel pursuant to 42 U.S.C. § 2005e-5(f)(1). The decision to appoint an attorney is within the broad discretion of the court given the particular facts of the case. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). The following three factors are generally balanced by the courts in determining whether to appoint an attorney: (1) the merits of the claim, (2) the plaintiff's own efforts to secure counsel, and (3) the plaintiff's financial ability to retain private counsel. *Gonzalez*, 907 F.2d at 580; *Maxwell v. Kight*, 974 F. Supp. 899, 902 n.2 (E.D. Tex. 1996). Courts have also considered a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney. *Poindexter v. FBI*, 737 F.2d 1173, 1189 (D.C.Cir. 1984), *cert. denied*, 107 S. Ct. 911 (1987); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Young v. K-Mart Corp.*, 911 F. Supp. 210, 211 (E.D. Va. 1996); *Maxwell*, 974 F. Supp. at 902 n.2.

In considering a motion for appointment of counsel, the court must also remain mindful of the unfairness of imposing involuntary servitude upon a member of the bar when likelihood of success upon claims appears slight. *Tatum v. Community Bank*, 866 F. Supp. 988, 995 (E.D. Tex. 1994). Moreover, there are no federal funds allocated to the prosecution of civil lawsuits. For that

reason, if the Court were to appoint an attorney, counsel would have to serve entirely without compensation unless the lawsuit is successful and attorney's fees are awarded.

At this point, given the limited information the Court has seen thus far, the undersigned cannot determine if Plaintiff's case has sufficient merit to warrant the appointment of counsel. Plaintiff has done what he needs to do to get the case started, and once the Defendant has answered, the Court will be in a better position to determine if counsel should be appointed in this case. Accordingly, the undersigned will deny Plaintiff's motion for an appointed attorney at this time.

### III. Conclusion

As stated above, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).  The Court **FURTHER ORDERS** the Clerk to issue summons in this case and **ORDERS** the United States Marshal's Service to attempt service in this case without pre-payment of a service fee.  Finally, Plaintiff's motion for an appointed attorney is **DENIED WITHOUT PREJUDICE** to refiling after defendant has answered.

SIGNED this 13th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE